IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
IN AND FOR HILLSBOROUGH COUNTY, FLORIDA
CIVIL DIVISION

DAVID MCPHERSON-WILLIAMS,

    Plaintiff,

v.

EMPIRE INDEMNITY INSURANCE
COMPANY,

    Defendant.
_____/

Case No.:
Division:

## COMPLAINT AND JURY TRIAL DEMAND

Plaintiff, DAVID MCPHERSON-WILLIAMS ("Plaintiff"), by and through his undersigned counsel, hereby sues Defendant, EMPIRE INDEMNITY INSURANCE COMPANY ("Defendant"), and as grounds therefore would state as follows:

1. This is an action for damages in excess of fifteen thousand dollars ($15,000) exclusive of interest, attorneys' fees, and costs.

2. At all times material hereto, Plaintiff was and is the owner of that certain real property located at 4205 West Ohio Avenue, Tampa, Hillsborough County, Florida.

3. On or about June 2, 2008, Plaintiff procured or renewed a policy of home owners insurance from Defendant for the above-referenced property, a copy of which is attached as Exhibit "A".

4. All Florida statutes are incorporated into and are part of the insurance contract attached as Exhibit "A".

5. Plaintiff has renewed said policy each and every year and has paid all premiums due thereunder.

6. On or about December 12, 2008, while said policy was in full force and effect, Plaintiff discovered damage to his home, including, but not limited to, progressive physical damage to the walls and floors of the residence.

7. The damage to Plaintiff's home is caused by a covered peril under the policy.

8. Plaintiff has made an application for insurance benefits under the policy, but Defendant has failed and refuses to pay said benefits Plaintiff is entitled to for his loss.

9. All conditions precedent to obtaining payment of said benefits under the policy from Defendant have been complied with, met, or waived.

10. The Defendant has breached the policy of insurance by failing to pay all the benefits due thereunder.

11. Plaintiff is suffering direct physical damage to his home and property.

12. Plaintiff is entitled to the full cost of repairs of the damage to his home including, but not limited to, remediation of subsurface conditions, restoration of the foundation, cosmetic repair, repair of the cracks, structural repair, temporary repairs and other expenses necessary to repair the subject home and, if the home is not repairable within the applicable coverage limits, an amount equal to such limits for the total loss.

13. Due to Defendant's refusal to pay the losses sustained by Plaintiff, Plaintiff has been required to retain the service of the undersigned counsel and is obligated to pay them a reasonable fee for their services.

14. Plaintiff is entitled to attorneys' fees pursuant to section 627.428, Florida Statutes.

15. Defendant owes prejudgment interest, expert fees, costs, attorneys' fees, the costs of all structurally necessary repairs, and, if the home is not repairable within applicable coverage limits, an amount equal to such limits for the total loss.

**WHEREFORE**, Plaintiff demands judgment against the Defendant for: (i) all general and special damages including, but not limited to the full cost of repair or replacement of Plaintiff's home; (ii) pre-judgment interest; and (iii) Court cost, costs, expert fess and attorneys' fees pursuant to section 627.428, Florida Statutes; and for such other and further relief as the court deems proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable.

Respectfully submitted this 14 day of August, 2009.

_____
Jerry Jaramillo, Esquire
FBN: 0085502
2100 West Dr. MLK Blvd.
Tampa, Florida 33607
Telephone:  (813) 871-3074
Facsimile:  (813) 871-5305
Attorney for Plaintiff